AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Mississippi



| | |
|---|---|
| United States of America | ) |
| v. | ) |
| Luiz Manuel Cruz-Gonzalez | ) Case No. 1:15mj515RHW |
| and | ) |
| Edgardo Batiz Medina | ) |
| | ) |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __March 2, 2015__ in the county of __Jackson__ in the __Southern__ District of __Mississippi__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 1028A | Aggravated Identity Theft |

This criminal complaint is based on these facts:
See attached affidavit incoporated herein.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Jason Elder, S/A HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 03/03/2015

_____
*Judge's signature*

City and state: Gulfport, Mississippi

Robert H. Walker, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT

After first being duly sworn, I, Jason Elder, do hereby state as follows:

1. I am a Special Agent (SA) with the Department of Homeland Security, Homeland Security Investigations, presently assigned to the office located in Gulfport, Mississippi (HSI/Gulfport). I have been a Special Agent since May 2007. As a Homeland Security Investigator Special Agent, I have attended training specialized training in the area of immigration and immigration fraud. Prior to my present employment, I was employed by United States Customs and Border Protection in Gulfport, Mississippi, and was employed by the Harrison County Sheriff's Department, for seven years. During the course of my law enforcement employment, I have been involved in various types of criminal investigations including but not limited to homicide, burglary, and fraud. The facts in this affidavit come from my personal observations, training, experience, and information obtained from other law enforcement officers and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

2. HSI Gulfport is investigating Luiz Manuel Cruz-Gonzalez for distributing identification documents to illegal aliens along the Mississippi Gulf Coast. In January 2015, HSI/Gulfport agents received information from a confidential informant (CI#1) regarding an individual known only as Luiz, later identified as Luiz Manuel Cruz-Gonzalez. CI#1 advised that Cruz-Gonzalez selling birth certificates and social security cards to illegal aliens along the Mississippi Gulf Coast. CI#1 advised Cruz-Gonzalez is residing at a residence located on 22nd

Street, Pascagoula, Mississippi. CI#1 advised Cruz-Gonzalez is employed at Signal International in Pascagoula, Mississippi. CI#1 stated Cruz-Gonzalez drives a black Ford Expedition.

3. On January 22, 2015, Special Agent Jason Elder received information from the Pascagoula Police Department about an assault that Cruz-Gonzalez reported. Cruz-Gonzalez reported that three Hispanic males entered his home an assaulted him. According to CI#1, Cruz-Gonzalez advised CI#1 that he (Cruz-Gonzalez) had sold the three unknown individuals counterfeit identification documents. The three individuals left the United States and when they attempted to reenter the United States using the aforementioned documents they were detained and later deported by Immigration and Customs Enforcement (ICE). Cruz-Gonzalez advised CI#1 the individuals were upset over the documents Cruz-Gonzalez sold them. After Cruz-Gonzalez filed the police report, he brought a small box to CS#1's residence. Cruz-Gonzalez asked CI#1 if he could leave the box at CS#1's residence. Cruz-Gonzalez advised CI#1 that he (Cruz-Gonzalez) was worried that immigration may come to his residence and did not want immigration to find the box.

4. On or about February 3, 2015, CI#1 contacted Cruz-Gonzalez to inquire about purchasing identification documents. Cruz-Gonzalez advised CI#1 that he (Cruz-Gonzalez) could obtain from an unknown person Puerto Rican birth certificates and matching social security cards. Cruz-Gonzalez advised CI#1 the set of documents would cost $1200. On or about February 17, 2015, CI#1 advised Cruz-Gonzalez that CI#1 had five (5) Hispanic individuals that wanted to purchase documents. Cruz-Gonzalez advised CI#1 a partial payment of $1750 was required to order the documents.

5. On February 20, 2015, Homeland Security Investigation provided CI#1 with $1750 for the partial payment for five (5) Puerto Rican birth certificates and social security

cards. On February 20, 2015, CI#1 met with Cruz-Gonzalez and paid the $1750 as a partial payment for the documents. Cruz-Gonzalez advised CI#1 the documents would take approximately a week to arrive and that CI#1 would have to pay an additional $4250 for them.

6. On March 2, 2015, Cruz-Gonzalez contacted CI#1 and advised CI#1 that he (Cruz-Gonzalez) was going to meet a coworker at Signal International around 5:00p.m. to pick up five (5) birth certificates and social security cards. At approximately 4:45p.m. Cruz-Gonzalez arrived in the Ford Expedition and met with an unknown Hispanic male in a grey 4 door vehicle. The unknown Hispanic male (later identified as Edgardo Batiz Medina) entered the front passenger seat of Cruz-Gonzalez' vehicle. Special Agent Jason Elder observed the two exchange something in the vehicle. A short time later Medina exited the vehicle with something in his hand later identified as $480 United States currency. At this point Special Agent Jason Elder and Task Force Officer Shannon Beaver approached the vehicles, identified themselves as Police and detained Cruz-Gonzalez and Medina.

7. Special Agent interviewed Cruz-Gonzalez (via phone with Customs and Border Protection Officer Cristobal Vicens, a native Spanish speaker). Cruz-Gonzalez advised he was just talking to Medina. Special Agent Elder asked Cruz-Gonzalez if anything illegal was in his vehicle. Cruz-Gonzalez advised "no" at which time SA Elder asked if he could look in the vehicle at which time Cruz-Gonzalez said yes. SA Jason Elder located a New York birth certificate with a matching social security card in the name of S. A. R. SA Elder asked Cruz-Gonzalez whose documents are in his vehicle. Cruz-Gonzalez stated they are his friends but could not identify whose name is on them.

8. According to Medina, the $480 was from Cruz-Gonzalez to purchase some tools. Cruz-Gonzalez stated he didn't give Medina any money but later said the money was for tools.

SA Elder asked Cruz-Gonzalez and Medina if they would sign a consent to search their respective residences, both agreed. SA Elder, Task Force Office Beaver and CBP Office Vicens went to 1910 22nd Street, Pascagoula, Mississippi with Cruz-Gonzalez. SA Lee Robinson and CBP Officer Josh Gipson went to 2020 Ladnier Road apartment 6F, Gautier, Mississippi, with Medina. Both Cruz-Gonzalez and Medina signed consent to search forms for their respective residences. During the search of Cruz-Gonzalez residence, SA Elder and CBP Officer Vicens interviewed Cruz-Gonzalez. According to Cruz-Gonzalez, he did buy the birth certificate from Medina for $500. Cruz-Gonzalez stated he did not have any other documents.

9. Officer Vicens went to CI#1's residence to obtain the box and returned with it to Cruz-Gonzalez residence. Cruz-Gonzalez gave SA Elder consent to open the box. Inside the box was the following: State of Texas identification card 24165381 displaying Cesar Haracio Garcia, State of Texas identification card 84093194 displaying Jermaine Flores, Social Security card ending in 6079 displaying Cesar Haracio Garcia and Social Security card ending in 2769 displaying Jermaine Flores. Also in the box were six (6) vessel boarding pass Signal International ID cards displaying Jermain Flores, one photo on these cards closely resembles Cruz-Gonzalez.

10. During the search of Medina's residence he was interviewed by Special Agent Lee Robinson and CBP Officer Josh Gipson. Medina stated he met with Cruz-Gonzalez to sell him the birth certificate and social security card for $500. Medina stated he purchased the documents from an unknown person in Gautier, Mississippi.

11. A records check has confirmed that the birth certificate and social security card in the name of S.A.R. are valid belong to an actual person.

12. Based on the experience of your affiant and the facts and circumstances described in this affidavit, it is believed probable cause exists that Luis Cruz-Gonzalez and Edgardo Batiz Medina have conspired with each other and others unknown to commit violations of: 18 USC 1028A, aggravated identity theft.

_____
Special Agent Jason Elder
Homeland Security Investigations

Sworn to and subscribed before me on the 3rd day of March 2015.

_____
United States Magistrate Judge